IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FREELIN C. SIMPKINS,

    Plaintiff,

v.                                Civil Action No. 5:03CV225
                                        (STAMP)

KEVIN L. NEISWONGER,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I.  <u>Procedural History</u>

On September 12, 2003, <u>pro se</u> plaintiff, Freelin C. Simpkins, filed a complaint against the defendant, Kevin L. Neiswonger, alleging legal malpractice in a previous federal criminal action. The plaintiff filed an amended complaint on September 19, 2003. The defendant filed his answer on January 20, 2004. He subsequently filed an amended answer on February 16, 2005.

On February 9, 2004, the plaintiff filed a motion for summary judgment. The defendant responded and the plaintiff replied. The motion was referred to United States Magistrate Judge James E. Seibert, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of this matter. After reviewing the parties' memoranda and the applicable law, Magistrate Judge Seibert entered a report and recommendation on October 13, 2004 in which he concluded that the plaintiff's motion for summary judgment was premature and should be denied. This Court entered an order

affirming and adopting the magistrate judge's report and recommendation on December 6, 2004.

On June 7, 2005, the defendant filed a motion for summary judgment, to which the plaintiff responded and the defendant replied. This motion is fully briefed and ripe for review. After considering the record and the applicable law, this Court finds that the defendant's motion should be granted.

## II. Facts

The defendant served as criminal defense counsel for the plaintiff in a federal criminal case that was initiated in 1999 (Criminal Action No. 5:99CR22). The defendant entered a plea of guilty in this case to the charge of distribution of LSD, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). In November 1999, the plaintiff was sentenced to 262 months imprisonment.

In September 2001, the plaintiff, through different counsel, filed with this Court a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In the motion, the plaintiff argued that the defendant provided ineffective assistance to him in his criminal case. Upon review, this Court agreed, finding that the defendant failed to object to an improper calculation of the plaintiff's base offense level in the Presentence Investigation Report, given the government's agreement not to file an information pursuant to 21 U.S.C. § 851 regarding the plaintiff's prior convictions. This Court found that the

plaintiff's sentencing range would have been significantly lower if the defendant had properly objected to the miscalculation. Thus, this Court granted in part the plaintiff's § 2255 motion and re-sentenced the plaintiff to 151 months of imprisonment.

The plaintiff subsequently filed this action alleging that the defendant committed legal malpractice by negligently failing to object to the Presentence Investigation Report and by failing to recognize that 21 U.S.C. § 851 requires the government to file an information regarding previous convictions. The plaintiff claims that he suffered from depression following his initial sentencing. He seeks a total of $216,000.00 in compensatory and punitive damages and reimbursement for the legal fees he incurred in filing his § 2255 motion.

III. Applicable Law

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact."

Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).  However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Id. at 256.  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Summary

4

judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

The defendant argues that the plaintiff's complaint should be dismissed because: (1) the cause of action is time-barred under the statute of limitations; and (2) the complaint fails to state a claim because the plaintiff cannot establish actual innocence. The plaintiff responds that the statute of limitations did not begin to accrue until a court found the defendant ineffective in his representation of the plaintiff. Further, the plaintiff contends that actual innocence is not required in this jurisdiction.

A. Statute of Limitations

As noted by the defendant, because this Court's jurisdiction is based on diversity of citizenship, West Virginia law supplies the applicable statute of limitations. See Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530 (1949). In West Virginia, the two-year statute of limitations for torts governs claims of legal malpractice. See Hall v. Nichols, 184 W. Va. 466 (1990); see

5

also W. Va. Code § 55-2-12. In Vansickle v. Kohout, 215 W. Va. 433 (2004), the Supreme Court of Appeals of West Virginia held that

> a cause of action for legal malpractice accrues when the malpractice occurs, or when the client knows, or by reasonable diligence should know, of the malpractice. Furthermore, . . . when a victim of legal malpractice terminates his or her relationship with the malpracticing attorney, subsequent efforts by new counsel to reverse or mitigate the harm through administrative or judicial appeals do not toll the statute of limitations.

Id. at 437-38.

In this case, the plaintiff filed his complaint on September 12, 2003. Thus, his complaint is timely only if he knew, or should have known, of the alleged malpractice at some time on or after September 12, 2001, or if the defendant continuously represented him in the matter until some time after that date. According to the plaintiff, the defendant committed malpractice when he failed during the sentencing to object to the calculation of the plaintiff's base offense level in the Presentence Report. The sentencing took place in November 1999. The plaintiff contends in his complaint that he was aware of the inappropriate enhancement at the time he went over the Presentence Report with the defendant, which was prior to the sentencing. Thus, the plaintiff obviously knew of the alleged malpractice on a date prior to September 12, 2001. Further, the plaintiff terminated the defendant's representation on September 26, 2000 and subsequently obtained new counsel in June 2001 in order to seek relief pursuant to 28 U.S.C. § 2255. Thus, the plaintiff cannot claim that he was continuously

6

represented by the defendant until after September 12, 2001. Consequently, the plaintiff's malpractice claim is time-barred.

B.  Actual Innocence

The defendant alternatively seeks summary judgment on the grounds that the plaintiff cannot prove "actual innocence." The plaintiff objects to this argument on the grounds that the case law cited by the defendant in support of this argument is not controlling in this jurisdiction.

The doctrine of "actual innocence" cited by the defendant is a commonly-accepted legal principle. The rule prevents a criminal defendant from bringing a malpractice suit against his attorney "merely upon proof that the attorney failed to meet minimum standards of professional competence." Winniczek v. Nagelberg, 394 F.3d 505, 507 (7th Cir. 2005). Rather, in order to have a viable legal malpractice claim, a criminal defendant must prove that he was actually innocent of the crime. Id. While there is no Fourth Circuit or West Virginia law directly on point, this rule has been applied in numerous jurisdictions across the United States. See, e.g., id.; Therrien v. Sullivan, 323 F. Supp. 2d 253 (D.N.H. 2004); Schreiber v. Rowe, 814 So. 2d 396 (Fla. 2002); Rodriguez v. Nielsen, 650 N.W. 2d 237 (Neb. 2002); Lamb v. Manweiler, 923 P.2d 976 (Idaho 1996); Morgano v. Smith, 879 P.2d 735 (Nev. 1994).

The justification for this rule centers on the fact that a criminal defendant has the option to gain relief by collaterally

attacking his sentence on the grounds of ineffective assistance of counsel. See, e.g., Winniczek, 394 F.3d at 507. Further, courts have made a public policy argument based on the principle that criminals should not be permitted to profit from their crimes. Wiley v. San Diego County, 966 P.2d 983, 986 (Cal. 1998). This Court finds these rationalizations to be sound and persuasive. Thus, this Court concludes that the "actual innocence" rule is legally appropriate and should be applied in the present case. Because the plaintiff has made no showing of actual innocence, summary judgment is appropriate on this ground as well.

V. Conclusion

Because the defendant has set forth sufficient evidence to demonstrate to this Court that there is an absence of a genuine issue of material fact, the defendant's motion for summary judgment is hereby GRANTED pursuant to Rule 56(e). This case is hereby DISMISSED and STRICKEN from the docket of this Court.

Plaintiff, who is appearing pro se, is ADVISED that he has the right to appeal the judgment of this Court to the Fourth Circuit Court of Appeals. Notice of such appeal must be filed with the Clerk of this Court within thirty days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff and to counsel of record

herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    July 18, 2005

/s/ Frederick P. Stamp, Jr.<br>
FREDERICK P. STAMP, JR.<br>
UNITED STATES DISTRICT JUDGE